TROTTER *v.* BRADLEY.

4-5947 140 S. W. 2d 436

Opinion delivered May 20, 1940.

*Bridges, Bridges & Young,* for appellant.
*McDonald & McDonald,* for appellee.

MEHAFFY, J. On November 18, 1938, the appellee, J. H. Bradley, a resident of Sheridan, Grant county, Arkansas, purchased a Ford truck from H. F. Trotter, appellant, who is a resident of Pine Bluff, Jefferson county, Arkansas, and engaged in the automobile business in that city. The appellee made a down payment by trading to appellant another truck, and the balance due, $372, was evidenced by a title retaining note, or conditional sales contract, payable in twelve monthly installments of $31 each. The conditional sales contract was sold to the Universal Credit Company, a foreign corporation having its principal place of business in this state in Little Rock. The appellee defaulted in his monthly payments, and on April 20, 1939, the Universal Credit Company filed suit in the circuit court of Grant county in replevin to recover the truck. In that action, the appellee herein filed answer denying the allegations of the complaint and filed a cross-complaint against the Universal Credit Company and H. F. Trotter, appellant, alleging fraud and breach of warranty in the sale of the truck and seeking to recover damages in the sum of $765.50. Summons was issued by the clerk of Grant county on the cross-complaint, and directed to the sheriff of Jefferson county, who served the summons on H. F. Trotter at his home in Jefferson county, Arkansas.

Appellant filed motion to quash the service and also a demurrer to the complaint filed against him, but they were overruled by the court.

The case proceeded to trial and there was a judgment against the appellant for damages in the sum of $300. The jury returned a verdict first for $300 against

Trotter, and made no finding as to the Universal Credit Company. The court, before the jury retired, had instructed them fully, and when the jury returned to court and announced the verdict of $300 on the cross-complaint against Trotter, the court told them it was necessary that they dispose of the issues involved as between the Universal Credit Company and J. H. Bradley, and submitted a form for their verdict. The court had submitted forms before they had retired the first time, but after their return into court with the verdict, the court sent them back with a form of a verdict reading as follows: "We, the jury, find for the plaintiff, Universal Credit Company, for the possession of the truck as described in the complaint of the plaintiff, or its value in the sum of $372."

Sending the jury back with only this form of the verdict, we think, amounted to a direction to find in favor of the Universal Credit Company. The jury thereafter returned into court finding for the Universal Credit Company for the possession of the truck as described in the complaint of the plaintiff, or its value in the sum of $372.

There was no objection to this verdict and no appeal by the defendant, Bradley. They again returned a verdict in favor of Bradley against Trotter for $300 damages.

Trotter filed motion in arrest of judgment, which was overruled, and filed motion for new trial which was also overruled. The case is here on appeal.

Several witnesses testified, but the only question for the consideration of this court is: Could there be a judgment against Trotter, when there was a judgment in favor of the Universal Credit Company, the Universal Credit Company having brought the suit, and Trotter having been served in Jefferson county, and the suit being in Grant county? This being the only question, we do not set out the evidence or the instructions of the court.

It is the opinion of Mr. Justice Humphreys and the writer that the appellant invoked the jurisdiction of the court and thus entered his appearance.

The majority of the court, however, is of opinion that Trotter, the appellant, was properly in court until the verdict in favor of the Universal Credit Company, but that he did not enter his appearance, and if he did not, of course, under § 1400 of Pope's Digest no judgment could have been rendered against him.

This section of the digest provides that when an action is commenced against several defendants, the plaintiff is not entitled to judgment against any of them on the service of summons in any other county than that in which the action is brought, where no one of the defendants is summoned in that county or resided therein at the commencement of the action, or where, if any of them resided, or were summoned in that county, the action is discontinued or dismissed as to them, or judgment therein is rendered in their favor, unless the defendant summoned in another county, having appeared in the action, failed to object before the judgment to its proceeding against him.

The appellant did object to the proceeding against him, and there was a verdict in favor of the Universal Credit Company. As we have already said, a majority of the court is of the opinion that this section is controlling, and that no judgment could be rendered against the appellant, when there was a judgment in favor of the Universal Credit Company.

Of course, service could be had on the Universal Credit Company, because it voluntarily commenced a suit against Bradley, and Bradley could file a cross-complaint against it and ask judgment against it; but unless he secured judgment against the credit company on his cross-complaint, he could not have judgment against Trotter on his cross-complaint. In other words, the Universal Credit Company was one of the defendants, and was found in Grant county where the suit was pending. Trotter was summoned in another county, and therefore entitled to be discharged unless there was a judgment against the Universal Credit Company.

The judgment of the circuit court is, therefore, reversed, and the cause is remanded with directions to sustain the motion to quash.